FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

04 JAN 27 PM 3: 47

STEPHEN R. LUDWIG, CLERK
US DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

| | |
|---|---|
| PRESS-SEAL GASKET CORP., | ) |
| Plaintiff, | ) |
| v. | ) CASE NO.: 1:04CV026 TLS |
| TRELLEBORG AB, | ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT
## OF EQUITABLE INTERVENING RIGHTS

Plaintiff, Press-Seal Gasket Corp. ("Press-Seal"), by counsel, for its complaint against Defendant, Trelleborg AB ("Trelleborg"), alleges and states as follows:

### PARTIES

1. Press-Seal is a corporation organized and existing under the laws of the State of Indiana, having its principal place of business at 6932 Gettysburg Pike, Fort Wayne, Indiana 46804.

2. Trelleborg is a corporation organized and existing under the laws of Sweden having its principal place of business at Trelleborg, Sweden.

### JURISDICTION AND VENUE

3. This action is for declaratory judgment pursuant to 28 U.S.C. § 2201. Press-Seal seeks a declaration of its equitable intervening rights under 35 U.S.C. § 41(c)(2).

4. Because this action involves an actual controversy between Press-Seal and Trelleborg, the Court is vested with the power to render a declaratory judgment and grant other relief requested pursuant to 28 U.S.C. § 2201 and § 2202.

5. Pursuant to 28 U.S.C. § 1338, this Court has jurisdiction over the action because the district courts have original jurisdiction over patent law matters arising under 35 U.S.C. § 1 *et al.*

6. Pursuant to 28 U.S.C. § 1391, venue is proper in this district and division because (i) Trelleborg directly and through a related company does substantial business in this district, making it subject to the Court's personal jurisdiction, and (ii) the accused product is being made, used, offered for sale, or sold within this district and being imported into this district.

## FACTS

7. The application for United States Patent No. 4,934,716 (hereinafter the "'716 patent") was filed in the United States Patent Office on January 2, 1979. The application for the '716 patent claims the benefit under 35 U.S.C. § 120 of the filing date of Swedish Patent Application No. 7800282-1 filed on January 11, 1978.

8. The '716 patent issued on June 19, 1990, more than 11 years after the U.S. filing date, and more than 12 years after the Swedish priority date. The '716 patent is attached to this Complaint as Exhibit 1.

9. The patent owner upon issue of the '716 patent was Forsheda Gummifabrik AB, a Swedish Corporation

10. The '716 patent expired on June 20, 2002 for failure to pay maintenance fees under 35 U.S.C. § 41(b)(3). *See Exhibit 2.*

2

11.     Relying upon the lapse of the '716 patent, Press-Seal began conducting activities subsequently alleged to infringe the '716 patent after June 20, 2002. Press-Seal is currently conducting these allegedly infringing activities.

12.     Upon information and belief, Trelleborg purchased the Polymer Sealing Solutions business, which included Forsheda AB (formerly Forsheda Gummifabrik AB), from Smiths Group on or about July 21, 2003 subject to regulatory approval from the European Union and the United States. *See Exhibit 3*.

13.     Upon information and belief, this regulatory approval was granted to Trelleborg on or about September 22, 2003. *See Exhibit 4*.

14.     On September 26, 2003, attorney Benton S. Duffett, Jr. of the law firm Burns, Doane, Swecker & Mathis, L.L.P. filed a petition with the United States Patent Office under 35 U.S.C. § 41(c)(1) seeking reinstatement of the '716 patent. *See Exhibit 5*.

15.     Upon information and belief, this petition was submitted by Benton S. Duffett, Jr. on behalf of Trelleborg. This petition was granted by the United States Patent Office under 37 C.F.R. § 1.378(c) in a letter mailed on October 24, 2003. *See Exhibit 6*.

16.     On or about December 22, 2003, Press-Seal received a letter from Trelleborg stating that certain gaskets currently being marketed by Press-Seal fall within the scope of the '716 patent claims. *See Exhibit 7*. Trelleborg also represented that marketing these gaskets constitutes "infringement" on the '716 patent and demanded that Press-Seal "imediately cease and desist from the continued unauthorized use of the present patent." *Id.* Trelleborg stated in its letter that it "aggressively protects its valuable intellectual property rights and will not accept any misuse or misappropriation of those rights." *Id.*

3

17.  On or about December 19, 2003, Ramsource, L.L.C., a Press-Seal distributor located in Houston, Texas, received a letter from Trelleborg stating that certain gaskets currently being sold and/or offered to sell by Ramsource, L.L.C. fall within the scope of the '716 patent claims. *See Exhibit 8*. Trelleborg also represented that selling and/or offering to sell these gaskets constitutes "infringement" on the '716 patent and demand that Ramsource, L.L.C. "immediately cease and desist from the continued unauthorized use of the present patent." *Id.* Trelleborg stated in its letter that it "aggressively protects its valuable intellectual property rights and will not accept any misuse or misappropriation of those rights." *Id.*

18.  On or about December 19, 2003, J-K Polysource, Inc., a Press-Seal distributor located in Sparks, Nevada, received a letter from Trelleborg stating that certain gaskets currently being sold and/or offered to sell by J-K Polysource, Inc. fall within the scope of the '716 patent claims. *See Exhibit 9*. Trelleborg also represented that selling and/or offering to sell these gaskets constitutes "infringement" on the '716 patent and demanded that J-K Polysource, Inc. "immediately cease and desist from the continued unauthorized use of the present patent." *Id.* Trelleborg stated in its letter that it "aggressively protects its valuable intellectual property rights and will not accept any misuse or misappropriation of those rights." *Id.*

19.  By sending these letters to Press-Seal and Press-Seal's distributors, Trelleborg has created on the part of Press-Seal a reasonable apprehension that Trelleborg will initiate suit.

WHEREFORE, Press-Seal respectfully requests and prays that the Court enter a declaratory judgment:

(a)  Finding that Press-Seal shall be free from liability under 35 U.S.C. § 41(c)(2) for having made, purchased, offered to sell, and used within the United States or imported into the United States anything protected by the '716 patent between the date of lapse and the date of reinstatement of the '716 patent;

(b)  Finding that Press-Seal shall be free from liability under 35 U.S.C. § 41(c)(2) for

       continuing the use of, offering for sale, and selling to others to be used, offered for sale, or sold, the accused product so made, purchased, offered for sale, used, or imported between the date of lapse and the date of reinstatement of the '716 patent;

(c)    Finding that Press-Seal may continue manufacturing, using, offering for sale, selling, or importing the accused product under the terms and conditions that the Court finds equitable pursuant to 35 U.S.C. § 41(c)(2); and

(d)    Such other relief as the Court finds proper.

Respectfully submitted,

BARNES & THORNBURG

By _____
D. Randall Brown (15127-49)
(randy.brown@btlaw.com)
Gary C. Furst (19349-64)
(gary.furst@btlaw.com)
Bobby B. Gillenwater (11662-02)
(bobby.gillenwater@btlaw.com)
600 One Summit Square
Fort Wayne, IN  46802
(260) 423-9440

ATTORNEYS FOR PLAINTIFF,
PRESS-SEAL GASKET CORP.

FWDS02 RCAMPBELL 63516v1